José G. Candelario, demandante y apelado, *v.* Junta de Retiro de los Funcionarios y Empleados del Gobierno de Puerto Rico, compuesta de los Hons. Manuel V. Domenech, Charles H. Terry, Dr. Antonio Fernós Isern, José G. López y Juan N. Herrero, demandada y apelante.

No. 5873.—*Sometido:* Febrero 7, 1933.—*Resuelto:* Julio 19, 1933.

*Hon. Procurador General Charles E. Winter, A. Ortiz Toro, Procurador General Auxiliar, y F. Janer, Subprocurador,* abogados de la demandada; *Juan B. Soto* y *J. Iglesias,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

José G. Candelario obtuvo en un procedimiento de *mandamus* un decreto de la Corte de Distrito de San Juan ordenando a la Junta de Retiro que permitiera la jubilación del peticionario con la pensión provista por la ley. La junta se negó a permitir que el peticionario se jubilara, pero la Corte de Distrito de San Juan comenta el hecho de que no se expusiera razón alguna para ello. En apelación, el gobierno sostiene que la prueba sometida a la junta no era suficiente para demostrar la incapacidad del peticionario, como debe probarse tal incapacidad de acuerdo con la ley.

Sucedió que la junta exigió certificados médicos respecto a la supuesta incapacidad del peticionario. Todo el caso depende de la interpretación a darse a los informes de los médicos que le examinaron. La apelante sostiene que estos informes contenían conclusiones de derecho. A esta contención la corte contestó que esos informes fueron hechos en impresos que exigían respuestas específicas. Los impresos fueron suministrados por la junta. En el examen del doctor Marcos A. Manzano una de las preguntas, la número 18, fué: "¿Está el solicitante parcial o total y permanentemente incapacitado para desempeñar los deberes de su cargo o trabajo?" La respuesta fué: "Sí, por su escasa salud." La respuesta del Doctor González a la misma pregunta fué, "Sí." Convenimos con la apelante en que algunas de las otras respuestas no presentan tal caso de escasa salud que incapacite necesariamente a un hombre para trabajar. Sin

embargo, en un caso de esta índole, las conclusiones de un médico no deben ser consideradas como la presentación de prueba en un juicio. Ellos son peritos y al igual que sucede con todos los peritos, sus opiniones tienen un valor por sí mismas. Sus conclusiones no son meras conclusiones de derecho. La sección 6 de la Ley No. 104 de 1925 (Leyes de ese año, pág. 953), tal cual la vemos, no exige que una persona esté totalmente incapacitada a fin de gozar del derecho a pensión. Aparentemente es suficiente de acuerdo con la ley, que el solicitante esté parcial o totalmente incapacitado en opinión de los médicos que le examinen.

■ Quizá la Junta de Pensiones no queda obligada, conforme sostiene la apelante, por los informes médicos, pero estos informes fueron todo lo que la corte tuvo ante sí. Puede ser que la corte discrecionalmente no estuviera obligada a regirse por los informes. El caso fué sometido con esa prueba y no hallamos que se cometiera error.

*La sentencia apelada debe ser confirmada.*